1   UNITED STATES DISTRICT COURT
2   DISTRICT OF PUERTO RICO

3   VICTOR CANCEL-RÍOS,

4      Petitioner,
                                                 Civil No. 10-1386 (JAF)
5      v.
                                                 (Crim. No. 08-369)
6   UNITED STATES OF AMERICA,

7      Respondent.

8                        **OPINION AND ORDER**

9        Petitioner brings this pro-se petition for relief from a federal court conviction pursuant to

10   28 U.S.C. § 2255.  (Docket No. 1.[1])  Respondent opposes (Docket No. 5), and Petitioner does not

11   reply.

12                                  **I.**

13                          **Factual History**

14       Petitioner was arrested on October 7, 2008, at Luis Muñoz Marín International Airport in

15   San Juan, Puerto Rico, as he was reentering the United States from the Dominican Republic.

16   (Docket No. 1 at 3.)  An Immigration and Customs Enforcement ("ICE") official had received

17   information "indicating that [Petitioner] had previously assisted and harbored an illegal alien into

18   the United States with false documents and that he might have traveled to the DR to engage in

19   sexual activities with a minor female."  (Crim. No. 08-369, Docket No. 1-2 at 2.)  On the basis

20   of this information, Petitioner was "selected for a secondary inspection" by a Customs and Border

---

[1] Unless otherwise noted, all docket citations refer to Civil No. 10-1386.

Civil No. 10-1386 (JAF)                                                                           -2-

1    Protection officer at the airport.  (Id.)  The officer searched Petitioner's luggage, personal items,

2    and cell phone.  (Id.)  The search of the cell phone "revealed approximately eight photographs

3    taken by [Petitioner] depicting sexually explicit conduct of what appeared to be a . . . minor

4    female."  (Id.)

5         Having discovered these photographs, an ICE official interviewed Petitioner, who "stated

6    that he had travelled to the DR from St. Croix to meet a young female friend that was his

7    girlfriend."  (Id.)  Government officials called the female and learned that she was sixteen.  (Id.

8    at 3.)  "At this point, [Petitioner] was advised of his Miranda Rights, which he voluntarily waived.

9    He then proceeded to admit that he knew the minor was 16 years old before he purchased the

10   ticket to travel to DR."  (Id.)  Petitioner also admitted to having engaged in sexual activity with

11   the female and taken sexually-explicit photographs of her.  (Id.)

12        On the basis of this investigation, Petitioner was indicted for violations of 18 U.S.C.

13   § 2260(a) and three related statutes.  (See Crim. No. 08-369, Docket No. 11.)  On January 7,

14   2009, Petitioner pleaded guilty to violating § 2260(a) by knowingly employing, using, persuading,

15   inducing, enticing, or coercing a female minor to engage in sexually explicit conduct outside of

16   the United States for the purpose of producing a visual depiction of such conduct, intending that

17   the visual depiction be imported into the United States.  (Crim. No. 08-369, Docket No. 26.)

18   Agreeing to the plea, the government dismissed the three remaining counts against Petitioner.

19   (Docket No. 5 at 3.)  A few days later, Petitioner pleaded guilty before the U.S. District Court of

20   the Virgin Islands on related charges.  (Docket No. 1 at 2.)

21        This court sentenced Petitioner to fifteen years of imprisonment plus five years of

22   supervised release.  (Crim. No. 08-369, Docket No. 33.)  Fifteen years was the sentence the

23   parties agreed to recommend in Petitioner's plea agreement.  (Crim. No. 08-369, Docket No. 27

Civil No. 10-1386 (JAF)                                                                    -3-

1    at 3.)  In addition, as noted in the plea agreement (id. at 2), pleading guilty subjected Petitioner

2    to a statutorily mandated minimum sentence of fifteen years.  See 18 U.S.C. §§ 2251(e);

3    2260(c)(1).

4          Petitioner waived his right to appeal in his plea agreement (Crim. No. 08-369, Docket No.

5    27 at 4), but he nevertheless appealed (Crim. No. 08-369, Docket No. 35).  Less than two months

6    later, Petitioner, via appellate counsel, moved to voluntarily dismissed his appeal. Mot. Voluntary

7    Dismissal, United States v. Cancel, No. 09-1682 (1st Cir. June 9, 2009).  The First Circuit

8    dismissed the appeal pursuant to that motion.  (Crim. No. 08-369, Docket No. 39.)

9                                                         **II.**

10                        **Standard for Relief Under 28 U.S.C. § 2255**

11         A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner

12   is in custody under the sentence of a federal court. See 28 U.S.C. § 2255.  A federal prisoner may

13   challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the

14   Constitution or laws of the United States." Id.  The petitioner is entitled to an evidentiary hearing

15   unless the "allegations, accepted as true, would not entitle the petitioner to relief, or . . .'are

16   contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"

17   United States v. Rodríguez Rodríguez, 929 F.2d 747, 749–50 (1st Cir. 1991) (quoting Dziurgot

18   v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)); see 28 U.S.C. § 2255(b).

19                                                        **III.**

20                                                  **Analysis**

21         Because Petitioner appears pro se, we construe his pleadings more favorably than we

22   would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Civil No. 10-1386 (JAF)                                                                    -4-

1    Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural and

2    substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

3           Petitioner claims that he suffered ineffective assistance of counsel, in violation of the Sixth

4    Amendment, when his counsel failed to move for suppression of the evidence gathered from the

5    cell-phone search and the interview described above.[2]  (Docket No. 1.)  Petitioner alleges that

6    suppression would have been proper because the officers' conduct violated (1) his Fourth

7    Amendment right to be free from unreasonable searches and seizures, in that the warrantless

8    search of his cell phone lacked probable cause because the information the ICE special agent

9    received was via anonymous tipster and had not been independently corroborated;[3] and (2) his

10   Fifth Amendment right to be free from self-incrimination, in that he did not intelligently waive

11   his Miranda rights because he was incompetent at the time of the interview.  (Id.)  Petitioner also

12   claims ineffective assistance of counsel in that his appellate counsel failed to prosecute his appeal,

13   which, Petitioner alleges, was dismissed for failure to prosecute.[4]  (Id. at 8.)

14          Petitioner further alleges that he is entitled to relief under § 2255 because (1) during

15   sentencing, this court applied the federal guidelines as mandatory rather than advisory (id. at 8);

16   and (2) he was convicted of an offense other than that charged in the indictment (id. at 10).

17          We first address Petitioner's two grounds for ineffective assistance of counsel and then

---

[2] Petitioner also requests suppression of the evidence (Docket No. 1), but no such remedy is available in a post-conviction setting.

[3] Petitioner also alleges that the tipster's information was false (Docket No. 1), but even if true, that would not render the warrantless search unconstitutional if the search were, nevertheless, deemed reasonable under the Fourth Amendment.

[4] Petitioner also complains about his representation before the U.S. District Court of the Virgin Islands (Docket No. 1 at 7), but any such complaint must be made via a § 2255 petition filed in that court, see 28 U.S.C. § 2255(a) ("[A petitioner] may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

Civil No. 10-1386 (JAF)                                                                                                     -5-

1    turn to his claims regarding sentencing and the indictment.  For the reasons stated below, we find

2    Petitioner is not entitled to relief under § 2255.

3    **A.      Ineffective Assistance of Counsel**

4              To be valid, a guilty plea must be made voluntarily and intelligently.  See Hill v. Lockhart,

5    474 U.S. 52, 56 (1985).  "A guilty plea may be considered unknowingly and involuntarily entered

6    if, in connection with the decision to plead guilty, the defendant does not receive reasonably

7    effective assistance of counsel."  United States v. Rosario-Puente, 41 F.App'x 483, 483 (1st Cir.

8    2002) (per curiam) (citing Hill, 474 U.S. at 56–57).

9              The Sixth Amendment "right to counsel is the right to the effective assistance of counsel."

10   Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S.

11   Const. amend. VI.  To establish ineffective assistance, a petitioner must show both that his

12   counsel's performance was deficient and that he suffered prejudice as a result of the deficiency.

13   Strickland, 466 U.S. at 686-96.  To show deficient performance, a petitioner must "establish that

14   counsel was not acting within the broad norms of professional competence."  Owens v. United

15   States, 483 F.3d 48, 57 (1st Cir. 2007) (citing Strickland, 466 U.S. at 687–91).  To show

16   prejudice in the context of a guilty plea, a petitioner must demonstrate that "there is a reasonable

17   probability that, but for counsel's errors, he would not have pleaded guilty and would have

18   insisted on going to trial."  Hill, 474 U.S. at 59.

19            **1.      Failure to Move to Suppress**

20            In 2002, the First Circuit applied Hill v. Lockhart, 474 U.S. 52, in considering on direct

21   appeal whether a defendant's counsel's decision to withdraw the defendant's motion to suppress

22   amounted to ineffective assistance of counsel.  41 F. App'x 483.  The court determined that to

23   demonstrate deficient performance, the petitioner needed to show that "the motion to suppress

Civil No. 10-1386 (JAF)                                                                                        -6-

1    was likely to succeed." Id. at 484.  Under the guidance of that opinion, we consider whether

2    Petitioner's forgone motion to suppress would have been likely to succeed.[5]

3                    **a.     Cell Phone**

4            Petitioner argues that the warrantless search of his cell phone violated the Fourth

5    Amendment because the officers lacked probable cause. (Docket No. 1 at 3–8.)  Acknowledging

6    that the officers acted on information from a tipster, he alleges that the tipster was anonymous and

7    that the information received was not independently corroborated.  (Id.)

8            In the context of a border search, a warrantless, suspicionless search of property ordinarily

9    will not run afoul of the owner's Fourth Amendment rights.  In United States v. Flores-Montano,

10   the U.S. Supreme Court explained that at an international border, "the Government's interest in

11   preventing the entry of unwanted persons and effects is at its zenith," while an individual's

12   "expectation of privacy is less at the border than it is in the interior. "  541 U.S. 149, 153–54

13   (2004).  The Court there indicated that unless a border search of property results in "serious

14   damage to, or destruction of, the property," id. at 154, or is carried out in a "particularly offensive

15   manner," id. at 154 n.2, it will not violate the owner's Fourth Amendment rights.  See, e.g.,

16   United States v. Arnold, 533 F.3d 1003, 1006–08 (9th Cir. 2008) (interpreting Flores-Montano

17   to contemplate only those two exceptions to the constitutionality of border searches of property

18   and deeming constitutional one such search of an airline passenger's laptop); see also United

19   States v. Bunty, 617 F. Supp. 2d 359, 364–65 (E.D. Pa. 2008) (documenting various circuits'

20   findings that border searches of personal electronic devices require no reasonable suspicion).

_____

[5] Petitioner does not claim that he would have proceeded to trial had his counsel informed him that he could suppress the evidence at issue (Docket No. 1), as would be required to establish the prejudice prong of the Strickland analysis.  Nevertheless, we infer from his petition that a likelihood of suppression would have affected his decision to plead guilty.

Civil No. 10-1386 (JAF)                                                                                     -7-

1        We, therefore, find that Petitioner could not have prevailed on a motion to suppress the

2   evidence acquired from the border search of his cell phone on the basis that the search was

3   warrantless and executed without probable cause.  Therefore, Petitioner cannot demonstrate

4   deficient performance by his counsel for not having pursued such a motion.

5                          **b.        Waiver of Miranda Rights**

6        Petitioner claims that he was incompetent when arrested, because of the mental effect of

7   his wife's recent death, and that his waiver of his Miranda rights was, therefore, unintelligent.

8   (Docket No. 1 at 7.)

9        A valid waiver of Miranda rights must be voluntary and intelligent.  See Miranda v.

10  Arizona, 384 U.S. 436, 444 (1966).  In order to be intelligent, the "'totality of the circumstances

11  surrounding the investigation' must show that the defendant had 'a full awareness of both the

12  nature of the right being abandoned and the consequences of the decision to abandon it.'" Collins

13  v. Gaetz, No. 09-2212, 2010 WL 2735744, at *12 (7th Cir. 2010) (quoting Moran v. Burbine, 475

14  U.S. 412, 421 (1986)).

15       In a recent opinion, the Seventh Circuit discussed at length the U.S. Supreme Court's

16  precedent regarding the intelligent waiver of Miranda rights.  See id.  The court there noted that

17  "federal Courts of Appeals . . . have followed the Supreme Court's instructions by requiring the

18  government to clear only a relatively low bar in proving an intelligent waiver."  Id.  "It is only

19  when the evidence in the case shows that the defendant could not comprehend even the most

20  basic concepts underlying the Miranda warnings that the courts have found an unintelligent

21  waiver," for example when the defendant could not understand the language in which the Miranda

22  warning was given.  Id.  With this instruction in mind, we consider the evidence regarding the

23  intelligence of Petitioner's waiver.

Civil No. 10-1386 (JAF)                                                                          -8-

1          We begin by noting that Petitioner identifies the then-recent death of his late wife as the

2     cause of the incompetence rendering him unable to intelligently waive his Miranda rights.

3     (Docket No. 1 at 7.)  He also states that his wife died on February 24, 2008—over seven months

4     before his arrest.  (Id. at 5.)  A similar claim arose before the Ninth Circuit, when a defendant

5     claimed that the recent death of his nephew rendered him so emotionally disturbed that he could

6     not have intelligently waived his Miranda rights.  See United States v. Marquez-Lerma, 203 F.

7     App'x 1 (9th Cir. 2006).  In upholding the district court's decision that the defendant's waiver

8     was knowing and intelligent, the Ninth Circuit noted that the defendant "was not arrested

9     immediately following his nephew's death, but rather, several days afterwards, thus reducing the

10    likelihood of intense emotional distress."  Id. at 4.

11         The court in Marquez-Lerma also took into account that all officers involved in the

12    defendant's arrest testified that he was "coherent" and "reasonable." Id. at 5.  In the case at hand,

13    the record contains the affidavit of the ICE special agent who interviewed Petitioner on the day

14    of his arrest and received the confession at issue (Crim. No. 08-369, Docket No. 1-2).  The agent

15    testified via affidavit that Petitioner "voluntarily waived" his Miranda rights.  (Id. at 3.)  She also

16    described the details of the interview, including Petitioner's initial assertion that the minor female

17    was eighteen years old.  (Id. at 2–3.)  The ability to lie when faced with the possibility of

18    punishment has been deemed evidence that a defendant had the requisite mental capacity to waive

19    Miranda rights.  See, e.g., Collins, 2010 WL 2735744, at *14 ("It was not unreasonable for the

20    . . . courts to infer from [the defendant's] changing story that he knew how to deceive and

21    understood the situation that he was in when the police took him to the station.").

22         Given the totality of the circumstances—in particular, the length of time that passed

23    between the death of Petitioner's wife and his arrest—we find incredible Petitioner's claim that

Civil No. 10-1386 (JAF)                                                                                    -9-

1    his waiver was unintelligent, and we find it at odds with evidence on the record that he was lucid

2    at the time of his arrest.  In light of the cases cited above, we find that Petitioner would not have

3    been likely to succeed on a motion to suppress his confession.  We, therefore,m find that his

4    counsel did not perform deficiently in failing to pursue such a motion.

5                 **2.      Failure to Prosecute Appeal**

6        Petitioner claims that his appellate counsel failed to prosecute his appeal and that the First

7    Circuit dismissed his appeal due to that failure.  (Docket No. 1 at 8.)  But the record shows that

8    Petitioner voluntarily dismissed his appeal. See supra Part I.  As the factual premise for this claim

9    is false, Petitioner cannot rely on it to support a claim of ineffective assistance of counsel.

10   **B.    Sentencing**

11       Petitioner claims that this court erred during sentencing by applying the sentencing

12   guidelines as mandatory rather than advisory.  (Docket No. 1 at 8.)  Even if that were true, it

13   could not have affected Petitioner's sentence, which was the mandatory minimum for the crime

14   to which he pleaded guilty and the sentence recommended in his plea agreement.  See supra

15   Part I.  We, therefore, find no constitutional violation warranting relief under § 2255.

16   **C.    Indictment**

17       Petitioner claims that he was convicted of a crime different than that for which he was

18   indicted.  (Docket No. 1 at 10.)  He proceeds to explain that the government had insufficient

19   evidence to establish elements of the crimes listed in his indictment.  (Id.)  We agree with

20   Respondent (see Docket No. 5 at 7–8) that none of the elements he identifies pertain to the crime

21   to which Petitioner pleaded guilty, see supra Part I.  We, therefore, find no constitutional violation

22   warranting relief under § 2255.

Civil No. 10-1386 (JAF)                                                                                    -10-

1                                                    **IV.**

2                                    **Certificate of Appealability**

3              Under Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255

4    relief, we must also determine whether to issue a certificate of appealability ("COA"). We grant

5    a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

6    2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists

7    would find the district court's assessment of the constitutional claims debatable or wrong."

8    <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484

9    (2000)).

10             Based on the reasons stated above, we find that no reasonable jurist could find our

11   assessment of Petitioner's constitutional claims debatable or wrong and we, therefore, deny him

12   a COA. Petitioner may request a COA directly from the First Circuit. <u>See</u> Fed. R. App. P. 22.

13                                                   **V.**

14                                         **Conclusion**

15             For the foregoing reasons, we **DENY** Petitioner's § 2255 petition (Docket No. 1).

16   Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, we summarily **DISMISS** this

17   petition, because it is plain from the record that Petitioner is entitled to no relief. We **DENY**

18   Petitioner a COA.

19             **IT IS SO ORDERED**.

20             San Juan, Puerto Rico, this 30th day of August, 2010.

21                                              s/José Antonio Fusté
22                                              JOSE ANTONIO FUSTE
23                                              Chief U.S. District Judge